## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| v. | : | 05-241 (RMU) |
| | : | |
| **JERMALE JOHNSON** | : | |

<u>JOINT PROPOSED STATEMENT OF THE CASE</u>
<u>AND PROPOSED VOIR DIRE</u>

**I.   Statement of the Case:**

This case involves an incident which was alleged to have occurred on May 18, 2004, in the 4700 Block of Alabama Avenue, SE, Washington D.C.  At about 8:15 p.m., Jermale Johnson was driving a vehicle with District of Columbia temporary tags.  Following a traffic stop of that car, it is alleged, marijuana was recovered from Mr. Johnson and crack cocaine was found inside the glove compartment of the vehicle.

The government alleges, and will attempt to establish beyond a reasonable doubt, that Jermale Johnson knowingly and willfully possessed with the intent to distribute the drugs recovered on that evening.

**II.   Voir Dire**

Jermale Johnson, through undersigned counsel, respectfully requests that the following questions be asked of prospective jurors in order that counsel may obtain the information necessary to intelligently exercise challenges for cause and peremptory challenges.

<u>KNOWLEDGE OF PARTIES</u>

1. Jermale Johnson is 29 years old. He lives by himself, at 10112 Campus Way South, Upper Marlboro, MD 20774. Do any of you, your relatives or friends, know, or know of, Mr. Johnson?

2. Mr. Johnson is represented by Douglas Wood . He works for the law firm of Roberts & Wood. Do any of you, your relatives or friends, know, or know of, Mr. Wood?

3. Alex Shawe is the prosecutor in this case. Do any of you know or know of, Mr. Shawe?

4. Is any juror related to or acquainted with any Assistant United State's Attorney or any present or former employee of the United State's Attorney's Office?

5. Does any juror know personally any of the personnel employed in this courtroom or employed by this Courthouse in any capacity?

6. Have any of you formed special opinions concerning defense attorneys, prosecutors or accused persons that would affect you in deciding this case?

<u>PRESUMPTION OF INNOCENCE AND REASONABLE DOUBT</u>

1. Do any of you have any hesitation in following the requirement of the law that Mr. Johnson is now presumed innocent and must be found innocent unless the government proves that he is guilty beyond a reasonable doubt?

2. Even though Mr. Johnson has been arrested in this case, he is presumed innocent unless the government proves him guilty beyond a reasonable doubt. Does the fact that Mr. Johnson has been arrested make it difficult for any of you to presume now that he is innocent?

3. Do you understand that it is neither Mr. Johnson's nor his attorney's responsibility to prove Mr. Johnson innocent?

4. Because Mr. Johnson is presumed innocent, he need not testify, nor offer any evidence. Would you view his and his attorney's decision not to put on a defense as evidence of guilt?

5. Is there any juror who feels that a defendant should have to prove anything?

## KNOWLEDGE OF THE LAW

3. Are any of you lawyers or law students?

4. Have any of you studied law in the past?

5. Have any of you worked for a law firm?

6. Do any of you have relatives, friends or neighbors who are lawyers, law students or are otherwise involved in legal work?

7. (If yes to any of the above) Would your knowledge of the law affect your decision-making in this case with regard to the evidence introduced in court, and the law as given to you by the judge?

## LAW ENFORCEMENT

8. Are you personally, or are you related by blood or marriage, or is any member of your household or close friend, any of the following:

   1. A present or former law enforcement employee -- such as police; F.B.I.; probation officer; military police; special police; volunteer police or police auxiliary?

   2. A present or former employee of any Court system?

       3.     A present or former investigator of any kind, including military; insurance company; C.I.A.; fire department; private detective; etc.?

       4.     A present or former employee in the legal profession, such as a lawyer; law clerk; legal secretary; or paralegal?

       5.     A present or former law student?

9.     Has any juror had any experience with a lawyer, either favorable or unfavorable, that might affect your impartiality in this case?

10.    Has any juror had any experience with a police officer or prosecutor, in Washington D.C. or otherwise, which might cause you to have any preconceived feeling about one side or the other in this case?

11.    All of the government witnesses in this case are police officers. Do any of you believe that police officers are more or less credible than other witnesses simply because they are police officers?

12.    Is there anyone who, because of the reported crime situation in D.C., thinks that his or her own fears or feelings would make it difficult to consider the evidence surrounding a criminal charge?

## ORGANIZATIONAL ACTIVITY

13.    Do you belong to or support any group or organization that has a purpose lobbying for more severe criminal penalties or tougher treatment of those convicted of crimes?

14.    Do you belong to or support any group that works and/or lobbies either for or against gun control?

15.    Do you belong to or support any Neighborhood Crime Watch Group or Organization, such as the Orange Hat Patrols?

16.    Do you belong to or support any of the following groups or similar organizations?

       1.     Fraternal Order of Police;

       2.     National Rifle Association;

       If so, please come forward and give details.

17.    Are you a member of or do you support any volunteer police group or police auxiliary?

## JURY EXPERIENCE

18. Have any of you ever served on a grand jury or trial jury before? If so, when and where?

19. Have any of you ever spoken with a court reporter, a deputy U.S. Marshal, a prosecutor, a defense attorney, or other court official after a criminal trial? If so, please stand and come to the bench to answer in private.

## CHARGES

1. The offenses in this case involve the alleged possession with intent to distribute crack cocaine and marijuana. Does anyone feel that the nature of these charges alone would make it difficult for you to render a fair and impartial verdict in this case?

2. Do you have an opinion or feeling about Federal or local drug laws that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

3. Have you or any of your household members or close friends and relatives, ever suffered from a drug addiction? If so, would your or their experience make id difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

4. Are you or any of your household members or close friends and relatives a member of any group that advocates wither for or against the legalization of drugs?

## INDIVIDUAL JUDGMENT

1. Does any juror have any opinion, creed or belief that would interfere with your ability to judge the conduct of the defendant and return a fair and impartial verdict based only upon the evidence?

2. Does any juror at this time have any feelings about the ultimate outcome of this case, other than indifference or neutrality?

3. Does any juror know of any matter whatsoever that might interfere with your ability to arrive at a fair and impartial verdict as a juror in this case?

4. If you are chosen as a juror, will you stand by your own opinion based on the evidence that comes in at trial and give both Mr. Johnson and the prosecutor the benefit of your individual judgment?

5. If, after listening to the arguments of your fellow jurors, when you retire to consider the case, you do have a reasonable doubt about Mr. Johnson's guilt, would you have any hesitation in maintaining your position or making your views known even if you were the only juror to have that doubt?

6. Is your impartiality such that you would be satisfied to have a jury composed of people like yourself judge the evidence if you or a loved one were on trial here today?

## RIDLEY QUESTIONS

At the end of the next question I am going to ask each person who has an affirmative answer

to either of the following questions to stand and come to the bench to answer in private.

1. Have any of you, your relatives or friends, ever been the victim of, a witness to, or charged with a crime?

## PERSONAL PROBLEMS

Again, I am going to ask each person who has an affirmative answer to any of the

following questions to stand and come to the bench to answer in private.

1. Do any of you have personal or family obligations that require you to be home or at another particular location, at a certain time each day?

2. Are any of you suffering from a sight problem uncorrected by glasses, a hearing problem, or other health problem?

3. Are any of you taking medication which you must receive at particular times of the day? Do any of you have a standing appointment with a physician to receive medication?

## CONCLUSION

Finally, is there anything you have heard so far, or is there any other reason at all, why you would feel uncomfortable sitting on this case or why you would prefer to be excused?

Respectfully submitted,  Respectfully submitted,

_____  _____
Alex Shawe  Douglas Wood
555 Fourth Street, NW  Counsel for Jermale Johnson
Washington, DC 20002  Roberts & Wood
 6801 Kenilworth Avenue
 Suite 202
 Riverdale, MD 20737
 (301) 699-0764

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Joint Proposed Statement of the Case and Voir Dire has been served by facsimile on AUSA Alex Shawe, this 2nd day of January, 2006, at

(202) 353-9414

_____
Douglas Wood